IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John A. Bryant, | ) | C/A No. 0:14-452-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, John A. Bryant, a self-represented federal prisoner, filed this civil action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss or, in the alternative, for summary judgment. (ECF No. 29.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Bryant of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 30.) Bryant filed a response in opposition to the motion. (ECF No. 54.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

## BACKGROUND

The following facts are either undisputed or taken in the light most favorable to Bryant. (See generally, Compl., ECF No. 1 at 2-5.) Bryant alleges that, on the morning of February 19, 2012, he slipped and fell in a puddle of water while exiting the top tier of a "three-man bunk." At the time of this incident, Bryant was confined in cell 307 of Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina. Bryant claims that the water in his cell was caused by a

damaged roof that had not been repaired for over a year. Bryant, who seeks monetary damages, alleges an injury to his back and mental suffering resulting from the incident.

## DISCUSSION

### A.    Applicable Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings



to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." <u>Id.</u> at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere



allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

## B.    Federal Tort Claims Act

Bryant has expressly filed this action pursuant to the FTCA, 28 U.S.C. §§ 2671-2680, which provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the FTCA includes a limited waiver of the Government's immunity as a sovereign, the statute is to be strictly construed and its requirements strictly met. See Welch v. United States, 409 F.3d 646, 650-51 (4th Cir. 2005); see also Lane v. Pena, 518 U.S. 187, 192 (1996) (stating that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign"). One such requirement is the exhaustion of administrative remedies and the FTCA requires that a claim be presented to the appropriate federal agency before filing a civil action against the government. See 28 U.S.C. § 2675(a).[1] This exhaustion requirement may not be waived and a plaintiff's failure to follow the

---

[1] The regulations for filing an administrative claim under the FTCA are codified at 28 C.F.R. § 14.1 et seq. The regulation pertaining to presentation of a claim states that "a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." See 28 C.F.R. § 14.2(a).



statutory exhaustion requirements deprives a district court of subject matter jurisdiction over the claim. See Plyler v. United States, 900 F.2d 41 (4th Cir. 1990); see also McNeal v. United States, 508 U.S. 106, 113 (1993). The burden of establishing subject matter jurisdiction over an FTCA claim lies with the plaintiff. See Welch, 409 F.3d at 651.

### C.    Defendant's Motion

#### 1.    Exhaustion of Administrative Remedies

The defendant moves for dismissal on the ground that Bryant failed to fully exhaust his administrative remedies before filing the instant lawsuit. (ECF No. 29 at 5-8.) The defendant concedes that Bryant completed an administrative tort claim on or about July 9, 2013, alleging an injury on February 19, 2012, when he slipped and fell on water which had leaked into Bryant's cell from a faulty roof.[2] (Id. at 6; ECF No. 29-3 at 1.) A final determination letter denying Bryant's claim was issued on June 24, 2014. (ECF No. 29-4 at 1-3.) However, the defendant claims that Bryant's omission from his administrative tort claim of three material allegations raised in the instant Complaint rendered the tort claim insufficient "to enable the BOP to investigate its merit." (ECF No. 29 at 8.) Specifically, the defendant points out that Bryant failed to "first present" the following factual allegations in his administrative tort claim: (1) that twenty prison employees had knowledge that the roof leaked and required repair; (2) that prison staff placed an improperly installed bunk bed in Bryant's cell, contributing to the injury; and (3) that Bryant had not complained of back pain prior to his accident on February 19, 2012. (Id. at 7.) In his response in opposition to the defendant's motion, Bryant alleges that he "disguised" his administrative tort claim by mailing it to the United

---

[2]    Bryant's administrative tort claim, submitted on a Standard Form 95, references an affidavit. (ECF No. 29-3.) However, the defendant indicates that no affidavit was attached to the Form 95. (ECF No. 29 at 6.)



States Marshal to ensure that the claim reached the appropriate agency for processing and was not discarded by correctional officers. (ECF No. 54 at 12-13.) However, Bryant's response in opposition provides no explanation of why he did not include all of the instant Complaint's factual allegations in the administrative tort claim.

The court agrees that Bryant's failure to raise many of the specific issues asserted by the Complaint in his administrative tort claim limited the defendant's investigation to the bare facts of an alleged injury sustained by Bryant in a slip and fall accident resulting from water that leaked into his cell from a faulty roof. However, the court finds that Bryant's allegation in the administrative claim that such water had leaked "for over a year" combined with his request for a sum certain provided sufficient notice to the defendant for purposes of investigation of Bryant's claim. <u>See</u> <u>Ahmed v. United States</u>, 30 F.3d 514, 517 (4th Cir. 1994) ("Section 2675(a) of Title 28 and 28 C.F.R. § 14.2(a) require two elements for sufficient presentment of a claim to an agency: 1) written notice sufficient to cause the agency to investigate, and 2) a sum-certain value on the claim."). Accordingly, the court concludes that Bryant's claim is administratively exhausted. As such, the court has subject matter jurisdiction over this action.

### 2. Bryant's FTCA Claim

As indicated above, the court must determine liability in accordance with the substantive tort law of the state "where the act or omission occurred." 28 U.S.C. § 1346(b)(1); <u>see also</u> <u>Medina v.</u> <u>United States</u>, 259 F.3d 220, 223 (4th Cir. 2001) (holding that the FTCA "permits the United States to be held liable in tort in the same respect as a private person would be held liable under the law of the place where the act occurred"). Because Bryant alleges that his injury occurred while he was incarcerated in a South Carolina federal prison, the substantive law of South Carolina controls.



To recover in a negligence claim under South Carolina law, "a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." Bloom v. Ravoira, 529 S.E.2d 710, 712 (S.C. 2000). A plaintiff may show an affirmative duty of care arising from a statute if the plaintiff is a member of the class of persons the statute is intended to protect from the type of harm suffered. See Rayfield v. S.C. Dep't of Corr., 374 S.E.2d 910, 914 (S.C. Ct. App. 1988). A breach of such duty is shown where it is "foreseeable that one's conduct may likely injure the person to whom the duty is owed." Horne v. Beason, 331 S.E.2d 342, 344 (S.C. 1985). However, even when such a breach exists, the "damages allegedly sustained must be shown to have been proximately caused, i.e. causally connected, to the breach of duty in order to warrant a recovery." Id. The proximate causation analysis is a two-step process, requiring proof of both legal causation and cause-in-fact. See Oliver v. S.C. Dep't of Highways & Pub. Transp., 422 S.E.2d 128, 130 (S.C. 1992). Legal causation "turns on the issue of foreseeability . . . . An injury is foreseeable if it is the natural and probable consequence of a breach of duty." Parks v. Characters Night Club, 548 S.E.2d 605, 609 (S.C. App. 2001). "Causation in fact is proved by establishing the plaintiff's injury would not have occurred 'but for' the defendant's negligence." Id.

Moreover, a plaintiff seeking recovery for injuries resulting from a foreign substance on a floor must establish either that "the substance was placed there by the defendant or its agents, or that the defendant had actual or constructive notice the substance was on the floor at the time of the slip and fall." Wintersteen v. Food Lion, Inc., 542 S.E.2d 728, 729-30 (S.C. 2001); see also Hackworth v. United States, 366 F. Supp. 2d 326, 329 (D.S.C. 2005) (citing the Wintersteen requirements in the court's analysis of a plaintiff's FTCA claim). "The mere fact the substance was on the floor is



insufficient standing alone to charge the [defendant] with negligence." Calvert v. House Beautiful Paint and Decorating Ctr., Inc., 443 S.E.2d 398, 399 (S.C. 1994).

In its motion, the defendant concedes that prison officials owed Bryant a duty, pursuant to 18 U.S.C. § 4042, to provide reasonable care. (ECF No. 29 at 16.) However, the defendant argues that Bryant fails to set forth any evidence, other than his own conclusory allegations, that the defendant was negligent. (Id.) The defendant also asserts that Bryant cannot demonstrate the requisite element of causation to maintain his negligence claim. (Id. 19-20.) In support of its motion, the defendant submits Bryant's medical records and affidavit testimony from Victor Loranth, M.D. (ECF Nos. 29-5, 29-6.) Such records reflect that, during his February 2011 health intake assessment at FCI Williamsburg, Bryant complained of back pain resulting from a fall at the Pamunky Regional Jail in Virginia in January of 2011. (ECF No. 29-5 at 2-3, 6; ECF No. 29-6 at 2.) Bryant sought medical attention for back pain in April of 2011 and continued to complain of head and neck pain in May of 2011. (ECF No. 29-5 at 22, 25.) After his fall on February 19, 2012, Bryant was examined by medical staff who indicated that Bryant reported a pain level of 8 on a pain scale of 1 to 10 and complained of back and shoulder pain, which worsened when walking. (ECF No. 29-5 at 26; ECF No. 29-6 at 3.) The examination reflected no gross deformities, bruising, soft tissue tenderness, swelling, or fluid collection under the skin and Bryant reportedly had a mild limp in the examination room, but a normal gait on compound. (Id.) Bryant did report tenderness to the touch of his thoracic spine, but refused to comply with the movements requested by medical staff to determine the extent of any injury. (Id.) Diagnostic x-rays performed on February 22, 2012, showed no abnormalities except mild degenerative disc disease. (ECF No. 29-5 at 30-31; ECF No. 29-6 at 3.) Bryant sought medical attention over the next eight months for continued back pain.



(ECF No. 29-5 at 38-67; ECF No. 29-6 at 3-4.)  Therefore, Bryant was approved for magnetic resonance imaging ("MRI").  (ECF No. 29-5 at 68-69; ECF No. 29-6 at 4.)

However, prior to the  MRI,  Bryant slipped and fell in the inmate dining hall on October 22, 2012, resulting in complaints of pain to his right arm and shoulder.  (ECF No. 29-5 at 73-75; ECF No. 29-6 at 4.)  An x-ray performed on that date was negative except for mild degenerative joint disease in Bryant's shoulder and signs of moderate degenerative disc disease in Bryant's neck.  (ECF No. 29-5 at 76; ECF No. 29-6 at 4.)  The MRI was performed on Bryant's lumbar region on December 12, 2012, reflecting scoliosis of the spine, with a curvature of the spine to the right, bone spurs causing stenosis, and deterioration of cartilage between the spinal vertebrae due to aging. (ECF No. 29-5 at 102-105; ECF No. 29-6 at 6.)  Bryant's complaints of pain persisted and he was seen by a neurologist outside of the prison on May 23, 2013, who concluded that Bryant's neck and back pain resulted from degenerative disc disease.  (ECF No. 29-5 at 131-133; ECF No. 29-6 at 7-8.) The affidavit testimony of Dr. Loranth indicates that, "[d]uring the course of Mr. Bryant's treatment, medical personnel indicated that there was no neural, spinal, or neurological injuries attributable to the type of blunt force trauma or strain involved in a slip-and-fall accident; rather, Mr. Bryant's pain stemmed from mild degenerative disc disease and age-induced deterioration."  (ECF No. 29-6 at 9.) The defendant further notes that Bryant's alleged injuries did not prevent him from working a landscaping job at the prison for over a month after his alleged injury on February 19, 2012.  (ECF No. 29-8.)

Bryant's response in opposition to the defendant's motion reasserts that his back pain results from the fall on February 19, 2012, because he had "no problems with lower back pain, nor any on-going complaints to Health Services prior to [that date]."  (ECF No. 54 at 9.) Bryant later contradicts

Page 9 of  13



this assertion by admitting that he complained of lower back pain upon his arrival at FCI Williamsburg in February of 2011, but alleges that his process of recovery for that injury ended in April of 2011. (Id. at 18.) Bryant provides a grievance indicating that he has requested re-evaluation by a different doctor because he does not believe that his continuing pain is caused by disc degeneration. (ECF No. 54-1 at 30.)

As argued by the defendant, Bryant provides only a conclusory allegation that his back pain is proximately caused by the fall on February 19, 2012, and does not support this allegation with any expert medical evidence. See Pederson v. Gould, 341 S.E.2d 633, 634 (S.C. 1986) (noting that expert testimony is required unless the situation is one "where the common knowledge or experience of laymen is extensive enough for them to be able to recognize or infer negligence on the part of the [defendant] and also to determine the presence of the required causal link between the [defendant's] actions and the [plaintiff's] medical problems"); see also Dawkins v. Union Hosp. Dist., 758 S.E.2d 501, 504 (S.C. 2014) (holding that, while expert testimony is not necessary where the facts can be evaluated by exercising common knowledge, "medical knowledge is generally outside the realm" of such common knowledge and expert testimony is required to establish whether the defendant's actions proximately caused the plaintiff's injury). The court notes that Bryant is only required "to prove that the negligence on the part of the defendant was at least one of the proximate, concurring causes of his injury" to establish causation. Hughes v. Children's Clinic, P.A., 237 S.E.2d 753, 757 (S.C. 1977). However, aside from his own allegation, Bryant has failed to present evidence to demonstrate that the defendant's failure to repair the leaking roof is the proximate or concurring cause of his back injury. Accordingly, the court finds that Bryant fails to state a claim for negligence.



The defendant further argues that Bryant fails to state a viable negligence claim under South Carolina law because he cannot "establish either prong of a slip and fall action." (ECF No. 29 at 16.) In his response in opposition to the defendant's motion, Bryant admits that "the defendants did not notice the water on the floor before Plaintiff fell and the defendants did not place[] the water on the floor of Plaintiff's cell." (ECF No. 54 at 14.) Instead, Bryant claims that the defendant's general knowledge of the faulty roof constitutes actual or constructive knowledge of a dangerous condition in Bryant's cell. (Id. at 14-15.) In support of his motion, Bryant provides affidavits from other prisoners who testify that the defendant was aware that the roof required repair. (ECF No. 54-1 at 7-10.)

As argued by the defendant in its motion, Bryant has presented no evidence to demonstrate that the defendant or its agents affirmatively placed a puddle of water in Bryant's cell. He also fails to show that any prison employee had actual knowledge that a puddle of water existed in Bryant's cell prior to his fall on February 19, 2012. While a plaintiff may establish constructive notice of a dangerous condition by "showing that the material had been on the floor sufficiently long that the defendant was negligent in failing to discover or remove it," Milligan v. Winn-Dixie Raleigh, Inc., 254 S.E.2d 798, 799 (1979), Bryant fails to make such a showing. Instead, the Complaint in this action alleges that Bryant slipped and fell during the early morning hours and Bryant clarifies in his response and supporting affidavits that water leaked into his cell during the night on February 18, 2012, resulting in Bryant's fall as he exited his bunk the next morning around six o'clock. (ECF No. 54 at 2-3; ECF No. 54-1 at 1-6.) Bryant further asserts that his cell was dark and he could not see the water on the floor due to poor visibility. (Id.) Such allegations are insufficient to demonstrate that the water had been present for a sufficiently long period of time that the defendant was negligent



in failing to discover or remove the rainwater prior to Bryant's fall on February 19, 2012. See Gosnell v. United States Postal Serv., C/A No. 6:05-1315-HFF, 2007 WL 1034997 at *3 (D.S.C. Mar. 30, 2007) (granting the government's motion for summary judgment in an FTCA action where plaintiff could not demonstrate how long water had remained on the floor prior to her fall). Moreover, Bryant's argument that the defendant's general knowledge of the leaking roof constitutes notice is unavailing because courts have declined "to adopt a general awareness standard for proving constructive notice." See id. at *4; see also Wintersteen, 542 S.E.2d at 730. Accordingly, the court concludes that Bryant fails to establish the requisite elements of a slip and fall claim under South Carolina law. See id. at 729. As such, the defendant's motion should be granted.

**D.     Other Claims**

To the extent Bryant is attempting to assert any other claims, his Complaint fails to state a plausible claim for relief. See Iqbal, 556 U.S. at 667-78.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion (ECF No. 29) be granted.

December 5, 2014                                     Paige J. Gossett
Columbia, South Carolina                      UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

Page 12 of 13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).